**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DONALD R. HOLLAND                                           CIVIL ACTION

VERSUS                                                      NO. 14-1202

SOCIAL SECURITY ADMINISTRATION                             SECTION "I" (3)

**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of

the Commissioner denying his claim for a period of disability and disability insurance benefits

("DIB") under Title II of the Social Security Act ("SSA").  The matter has been fully briefed on

cross-motions for summary judgment and is ripe for review.  For the following reasons, IT IS

RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's

cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## I.      BACKGROUND

Plaintiff filed a protective application for DIB on August 31, 2010, alleging a disability onset

date of June 28, 2010. (Adm. Rec. at 23, 60-61, 145-47).  Plaintiff alleges disability due to sleep

apnea, hypertensive heart disease, type 2 diabetes, incontinence, bladder condition (leakage),

narcolepsy/sleep apnea syndrome, and depression.  (*Id.* at 60-61, 114, 171).  Plaintiff, born on

November 8, 1952, was 57 years old on the date on which he alleged disability and 59 years old at

the time of the final administrative decision.  (*Id.* at 145).  Plaintiff has more than four years of

college as an education.  (*Id.* at 172).  Plaintiff has past work experience as a bookkeeper, machine

operator, hotel clerk, instructor and veterans' benefits counselor.  (*Id.* at 28).

Defendant initially denied plaintiff's application on August 31, 2010 and on reconsideration on October 6, 2011. (*Id.* at 60-61, 73-76).  Plaintiff sought an administrative hearing, which defendant held on September 26, 2012. (*Id.* at 33-59).  Plaintiff and a vocational expert ("VE"), Roger Decker, testified at the hearing.

On November 1, 2012, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff had not been disabled through the date of the decision. (*Id.* at 23-28).  In the decision, the ALJ concluded that plaintiff has the severe impairments of sleep apnea (narcolepsy), hypertensive heart disease, type 2 diabetes, and incontinence (bladder leakage). (*Id.* at 25).  He also concluded that plaintiff has the non-severe impairment of depression.  (*Id.*).  The ALJ held that plaintiff does not have an impairment that meets or medically equals the severity of a listed impairment under the regulations.  (*Id.* at 26).  The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(e), except that plaintiff can not climb with respect to ladders, ropes, and scaffolds, and he must avoid all exposure to hazards such as machinery, heights, and similar circumstances.  (*Id.* at 51).  He also concluded that plaintiff will tend to fall asleep about six to ten times a day for about 30 seconds to one minute, and he will need to take one restroom break per hour lasting about five minutes each time.  (*Id.*).  At step four of the analysis, the ALJ held that plaintiff can perform his past relevant work as a veterans' benefits counselor and bookkeeper.  (*Id.* at 28).  The ALJ thus denied plaintiff DIB.  (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled.

(*Id.* at 18-19).  On February 21, 2014, the Appeals Council denied plaintiff's request.  (*Id.* at 12-17).

Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts

in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any

of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.

*Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize

the record in its entirety to determine the reasonableness of the decision reached and whether

substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992);

*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must

show that he is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if his physical or mental

impairment is so severe that he is unable to do not only his previous work, but cannot, considering

his age, education and work experience, participate in any other kind of substantial gainful work

which exists in significant numbers in the national economy, regardless of whether such work exists

in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired

if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations

that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 -

404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step

evaluation process for determining whether an impairment prevents a person from engaging in any

substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th

Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any
> substantial gainful activity by reason of any medically determinable physical or
> mental impairment which can be expected to result in death or which has lasted or
> can be expected to last for a continuous period of not less than 12 months." To
> determine whether a claimant is disabled, and thus entitled to disability benefits, a
> five-step analysis is employed. First, the claimant must not be presently working at
> any substantial gainful activity. Second, the claimant must have an impairment or
> combination of impairments that are severe. An impairment or combination of
> impairments is "severe" if it "significantly limits [a claimant's] physical or mental
> ability to do basic work activities." Third, the claimant's impairment must meet or
> equal an impairment listed in the appendix to the regulations. Fourth, the impairment
> must prevent the claimant from returning to his past relevant work. Fifth, the
> impairment must prevent the claimant from doing any relevant work, considering the
> claimant's residual functional capacity, age, education and past work experience. At
> steps one through four, the burden of proof rests upon the claimant to show he is
> disabled. If the claimant acquits this responsibility, at step five the burden shifts to
> the Commissioner to show that there is other gainful employment the claimant is
> capable of performing in spite of his existing impairments. If the Commissioner
> meets this burden, the claimant must then prove he in fact cannot perform the
> alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ

determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish

that the claimant has a "residual functional capacity," given the claimant's age, education, and past

work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67

F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-

vocational guidelines to make his disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial

are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV.   ISSUES ON APPEAL

There are three issues on appeal:

(1)    Whether substantial evidence supports the ALJ's RFC determination.

(2)    Whether substantial evidence supports the ALJ's evaluation of plaintiff's credibility.

(3)    Whether substantial evidence supports the ALJ's finding that plaintiff can perform his past relevant work.

## V.   ANALYSIS

### 1.   Whether substantial evidence supports the ALJ's RFC determination.

Plaintiff contends that the ALJ erred when he failed to evaluate all of plaintiff's impairments and their resulting functional limitations.  Specifically, he maintains that the ALJ failed to consider plaintiff's medically-diagnosed impairments of gout, back pain, and depression.  With regard to his depression, plaintiff cites to the medical evidence of record and argues that numerous physicians diagnosed his depression.  As to his gout and back pain, plaintiff contends that the ALJ did not even consider either impairment when determining his RFC.

The ALJ noted that he must consider all of plaintiff's symptoms and the extent to which they were consistent with the objective medical evidence and other evidence to determine plaintiff's RFC, based on the requirements of 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 96-4p

and SSR 96-7p. (Adm. Rec. at 27). The ALJ also stated that he must evaluate the intensity, persistence, and limiting effects of plaintiff's symptoms to determine the extent to which they limited plaintiff's functioning. (*Id.*). The ALJ thus considered plaintiff's alleged impairments and any limiting effects, even though he did not find them all to be severe impairments. (*Id.*).

With regard to his gout, back pain, and depression, plaintiff does not identify any limitations associated with these alleged conditions in his memorandum in support of his motion for summary judgment. [Doc. #15-2 at pp. 7-9]. Plaintiff's subjective complaints must be corroborated, at least in part, by objective evidence. *See Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991). In addition, to determine plaintiff's RFC, the ALJ specifically mentioned plaintiff's alleged inability to work due to depression, stress, discomfort in the back, and swelling in his legs. (Adm. Rec. at 27). The ALJ then discussed the medical evidence related to all of plaintiff's impairments and work-related symptoms. (*Id.* at 25-28).

As to plaintiff's depression, the ALJ acknowledged that plaintiff complained of depression, but he ultimately concluded that his depressive disorder did not significantly limit his ability to perform basic work-related activities. (*Id.* at 25, 27-28). To determine that plaintiff's depression constituted a non-severe impairment, the ALJ found that plaintiff had only a mild limitation in activities of daily living. (*Id.* at 25). Specifically, plaintiff indicated that he had no problem with personal care. (*Id.* at 25, 238). Likewise, he had only mild limitations in social functioning, reporting that he spent time with others and even attended Christian congregation meetings several times per week. (*Id.* at 25, 241). The ALJ further noted that plaintiff had only mild limitations in his concentration, persistence and pace, citing to the fact that plaintiff reported that he watched

television and played dominos and cards several hours each day. (*Id.* at 25-26, 241). Further,

plaintiff experienced no episodes of decompensation that had been of extended duration, and there

is no indication that plaintiff even sought treatment for his depression. (*Id.* at 26). At the hearing,

his counsel testified:

| | |
|---|---|
| ALJ: | And what about, there's an allegation of depression. |
| ATTY: | And – |
| ALJ: | Is he seeing someone for mental health issues? |
| ATTY: | Not at this time. I think he was seeing someone at the VA for mental health issues but since one of his other medications treats depression – |
| CLMT: | Yes. |
| ATTY: | – he's taking the medication and not being treated for depression at this point so that is an exacerbating factor, too, but I don't see what, what documentation that it would completely render him disabled. |

(*Id.* at 42).

The ALJ concluded that plaintiff and his wife were not credible to the extent their assertions

were inconsistent with the RFC. (*Id.* at 27). For example, plaintiff complained that he was unable

to focus and stay awake, yet, as noted above, he reported that he plays games four to five hours per

day with his wife and attends Christian congregation meetings several times per week. (*Id.* at 27,

241). The ALJ concluded that plaintiff's depression was not a medically-determinable impairment

when evaluating plaintiff's impairments at step two. (*Id.* at 25-26). This conclusion coincides with

and is supported by the medical assessments by the consultative examiner and the State agency

medical consultants, (*id.* at 26, 358-402, 468-480), and the definition of medically-determinable

impairment outlined in SSR 96-4p. 1996 WL 374187. Thus, the ALJ considered plaintiff's

depression to formulate plaintiff's RFC, but he did not find any symptoms that limit plaintiff's work-

related functions. (*Id.* at 27-28).

The ALJ also considered plaintiff's complaints of gout and back pain to determine plaintiff's RFC. (*Id.* at 27-28). Plaintiff testified that he was treated for gout and suffers from back pain. (*Id.* at 45-46, 49). The ALJ acknowledged plaintiff's assertion that he experiences discomfort in his back and pain and swelling in his legs. (*Id.* at 27, 210, 259). The ALJ further acknowledged plaintiff's wife's statement that plaintiff was limited in his ability to walk, (*Id.* at 27, 153), but he concluded that plaintiff's wife's assertions were not credible, as plaintiff is able to mow his lawn and go grocery shopping for one to two hours at a time. (*Id.* at 27, 239-240). The ALJ also noted that the individual who interviewed plaintiff at the field office observed that he had no problem standing or walking. (*Id.* at 27, 145-47). While the Court recognizes that the ALJ did not specifically reference plaintiff's gout, he did refer to plaintiff's back pain and leg swelling and specifically stated that he had reviewed the record, including the medical opinions of Dr. Horace Ball and Dr. Alawode Oladele (*Id.* at 27-28). Ball conducted a physical RFC assessment on December 23, 2010 based on the medical record. (*Id.* at 377-384). On August 27, 2011, Oladele also conducted a physical residual functional capacity assessment based on the medical record. (*Id.* at 460-467). Oladele's assessment reviewed plaintiff's claims of discomfort in his back, and pain and swelling in his legs. (*Id.* at 461). Oladele found that plaintiff could lift 50 pounds occasionally, 25 pounds frequently, and that he could stand and/or walk and sit for about 6 hours in an 8-hour workday. (*Id.* at 461). These findings are consistent with those of Ball. (*Id.* at 378). Oladele reviewed plaintiff's medical records and found that there was no evidence of a medically-determinable impairment with regard to plaintiff's back. (*Id.* at 467). The ALJ considered plaintiff's complaints of pain; however pain is a symptom

and not necessarily an impairment. Symptoms, such as pain, will not be found to affect one's ability

to do basic work activities unless medical signs or laboratory findings show that a medically-

determinable impairment is present. *See* 20 C.F.R. § 404.1529(b). Plaintiff did not establish a

medical impairment capable of causing pain, and the ALJ's analysis properly considered plaintiff's

limitations and accommodated him accordingly in formulating his RFC.  (*Id.* at 26-28).

It is crucial to note that plaintiff provides no objective medical evidence to demonstrate that

his depression, gout, or back pain caused any limitations to his work-related activities more serious

than the ALJ stated in his RFC assessment.  He merely points to evidence that lists these

impairments and complaints. [Rec. Doc. #15-2 at pp. 7-9]. Pointing to evidence that one may have

an impairment does not in and of itself mean that the impairment is so severe that it limits a

claimant's work-related abilities.  As stated above, the ALJ considered plaintiff's complaints. (Adm.

Rec. at 26-28). The Court finds that substantial evidence supports the ALJ's RFC assessment.

Plaintiff also maintains that the ALJ committed harmful error because the RFC does not take

account of the combined impairments and argues that the additional impairments may have altered

the VE's testimony. [Rec. Doc. #15-2 at p. 9]. However, plaintiff points to no objective medical

evidence that demonstrates that the combined impairments cause any limitations greater than the

ALJ stated in the RFC assessment.  Plaintiff merely points to his subjective complaints and argues

that the ALJ did not consider the combined effect. [*Id.* at pp. 8-9]. Moreover, given that the ALJ

considered plaintiff's impairments to make his RFC assessment and ultimately found that plaintiff

is capable of performing medium-level work and that he could return to his past relevant work which

was sedentary, any error by the ALJ on this issue is harmless. The Fifth Circuit has held that

"procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *see Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1998). Further, impairments are not inherently disabling. *See Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir. 1989). Suffering from an impairment does not establish disability. *See Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). Plaintiff must show that he is functionally impaired by his depression, gout, and back pain and thus precluded from engaging in substantial gainful activity.

The ALJ here considered the evidence of plaintiff's impairments and symptoms; however, there is no evidence of how these impairments and/or symptoms would affect his ability to perform basic, work-related activities. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (holding that claimant must show that she is so functionally impaired by her impairment that she is precluded from engaging in substantial gainful activity). Plaintiff does not demonstrate that the ALJ's statements affected his disability claim, substantially or otherwise. Plaintiff does not meet his burden of proof to demonstrate that these impairments caused work-related impairments; this is his burden. The Court finds that plaintiff's attempt to shift the burden of proof to the Commissioner at steps three and four of the sequential evaluation process is unpersuasive.

Plaintiff also maintains that the ALJ failed to evaluate or mention the medical opinion of Dr. Lewis Townsend, a physician with the Department of Veterans Affairs who was one of plaintiff's treating physicians. Townsend opined that "[n]one of [plaintiff's] listed medical conditions would prevent him from seeking and maintaining gainful employment. It is noted he was required to leave a military-related job because he was not 1-A with a diagnosis of sleep apnea, but this would not

preclude a non-military job." (*Id.* at 303). Townsend further noted that plaintiff complained of prostate problems, although his last prostate check in 2009 had been normal, and that he "has to go to the bathroom, but this doesn't interfere with his job functioning, and he has no work-related job restrictions." (*Id.* at 303-04).

The ALJ is not required to incorporate any specific limitations into his RFC assessment simply because it appears in a medical opinion. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). Rather, "[y]our residual functional capacity is the most you can still do despite your limitations. [The Commissioner] will assess your residual functional capacity based on all the relevant evidence in your case record." 20 C.F.R. § 404.1545(a)(1). "A person's 'residual functional capacity' is determined by combining a medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988). The ALJ has the sole responsibility for evaluating a claimant's RFC based on the record as a whole. *Villa v. Sullivan*, 895 F.2d 1019, 1023-1024 (5th Cir. 1990); 20 C.F.R. § 404.1546. The ALJ may choose whichever physician's diagnosis is most supported by the record and may incorporate into the RFC assessment the limitations supported by that diagnosis or diagnoses. *Id.* The Fifth Circuit has explicitly rejected rigid rules of articulation and has held that the ALJ does not have to specifically discuss all evidence that supports the decision or all the evidence that was rejected. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994).

The ALJ noted that he gave considerable weight to the opinions of Dr. Robert Storms, Dr. Sylvia Myers, Dr. Jimmy Middlebrook, Dr. Horace Ball, and Dr. Alawode Oladele. (Adm. Rec. at

26-28). The Court recognizes that the ALJ did not specifically reference Townsend by name. However, in reaching his RFC determination, the ALJ stated that he had reviewed the longitudinal record (which included Townsend's treatment notes), and compared the medical opinions to the objective facts when assigning weight to each opinion. (*Id.* at 27; 292-376). Moreover, the ALJ specifically noted that he gave plaintiff the benefit of every doubt and provided him with limitations concerning falling asleep and taking restroom breaks, the two limitations noted by Townsend. (*Id.* at 28). The ALJ gave considerable weight to the state-agency medical opinions that assessed a medium RFC with some functional limitations. (*Id.* at 28). "State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(f)(2)(i); SSR 96-6p, 1996 WL 374180, at *2. There is no evidence to demonstrate that the RFC determination was inconsistent with Townsend's medical opinion.

In addition, the past relevant work identified by the ALJ is consistent with the findings of Townsend, who opined that plaintiff was not precluded from working a non-military job. (Adm. Rec. at 303). The ALJ did not identify plaintiff's prior military jobs as work that he can perform, but rather he identified non-military jobs that are sedentary and that will accommodate his sleep apnea and incontinence. (*Id.* at 26, 28). Thus, the fact that the ALJ did not specifically identify Townsend's opinion in the RFC is harmless due to the fact that both past-relevant-work jobs do not require work-related functions that conflict with Townsend's opinions. Thus, even if the ALJ did commit error, any such error was harmless. *See Mays*, 837 F.2d at 1364; *Morris*, 864 F.2d at 335. And while plaintiff notes that he had to leave his last job with the military because of his sleep

apnea, this argument does not preclude the ALJ's finding that plaintiff can perform his past relevant work as a veterans' benefits counselor or as a bookkeeper.  There is no error here, and the Court finds that substantial evidence supports the ALJ's RFC assessment and its limitations.

**2.      Whether substantial evidence supports the ALJ's evaluation of plaintiff's credibility.**

The ALJ properly considered plaintiff's subjective complaints and found that they were not credible with regard to the intensity, persistence, and limiting effects of his alleged symptoms. (Adm. Rec. at 18-21).  It is well-established law that the "[t]he ALJ's findings regarding the debilitating effect of the subjective complaints are entitled to considerable judicial deference." *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986).  The ALJ's credibility evaluation must be viewed in its full context.  As such, the ALJ is not required to explicitly discuss all the evidence that supported the decision or that he rejected.  *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994). "That the [ALJ] did not follow formalistic rules in [his] articulation compromises no aspect of fairness or accuracy that this process is designed to ensure."  *Id.*

Plaintiff maintains that the ALJ's decision is vague and fails to articulate with specificity what evidence he relied on to determine credibility. The ALJ discussed several factors, however, that led to his conclusion that plaintiff's assertions concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent that they were inconsistent with the RFC assessment. (*Id.* at 27). The ALJ stated that the longitudinal record revealed numerous inconsistencies regarding the intensity, persistence and limiting effects of plaintiff's symptoms. (*Id.* at 27).  Specifically, the ALJ concluded that

> the claimant and his wife indicated that he was limited in his ability to hear, see and concentrate.  However, the individual who interviewed the claimant face-to-face at the field office observed the claimant had no problem in those areas (1E).  The claimant stressed he was unable to focus and stay awake.  Yet, he reported he plays games 4-5 hours each day (15E pg. 5).  He reported he was able to attend Christian congregation meetings several times per week  (15E pg. 5).  The claimant's wife asserted he was limited in his ability to walk.  Nonetheless, the individual who interviewed the claimant at the field office observed he had no problem walking (1E).  In addition, the claimant declared he was able to mow his lawn and shop 1-2 hours at a time (15E pgs. 3, 4).

(*Id.* at 27).

The regulations require only that the Commissioner "apply" the factors and articulate good reasons for the weight assigned to a treating source opinion. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ need not recite each factor as a litany in every case.  *See Johnson v. Astrue*, No. 3-08-CV-1488, 2010 WL 26469, at *4 (N.D. Tex. Jan. 4, 2010).  Although not in formal fashion, the ALJ applied the pertinent factors of 20 C.F.R. § 404.1527 when he discussed the medical evidence in detail to make his findings at steps two through five.  (Adm. Rec. at 25-28).

To assess plaintiff's credibility, the ALJ considered his daily activities (*id.* at 26-27), considering the daily-activities factor of 20 C.F.R. § 404.1529(c)(i)). A claimant's activities may properly be considered when deciding a claimant's disability status. *See Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995). The ALJ referenced plaintiff's function report (*id.* at 26-27) (citing Exhibit 15E), which indicates that plaintiff is capable of taking his dog on a five- to ten- minute walk, reading the daily bible, watching television, playing dominos and cards for four to five hours per day, mowing the lawn, taking out the trash, ironing, attending Christian congregation meetings and gatherings twice a week and going grocery shopping weekly, one to two hours each time.  (*Id.*

237-240).  Such evidence contradicts plaintiff's claim that he is unable to perform work-related functions. *See Anthony*, 954 F.2d at 296 (finding that the ALJ properly discounted claimant's allegations of pain when she had nearly full range of motion without significant pain, visited friends and family, attended church, dressed and bathed herself, prepared her own lunch, and drove once or twice a week).

The ALJ considered plaintiff's functional limitations and restrictions (*id.* at 26-27), considering the factors concerning functional limitations and restrictions due to pain and other symptoms.  20 C.F.R. § 404.1529(c)(vii)).  As an example, plaintiff and his wife indicated that plaintiff was limited in his ability to hear, see, and concentrate.  (*Id.* at 153, 164). As the ALJ noted, the individual who interviewed plaintiff face-to-face at the field office observed that he had no problems in these areas.  (*Id.* at 146). Further, and as noted above, plaintiff reported that he was able to attend Christian congregation meetings several times a week, watched TV, and played cards and dominos for several hours daily. (*Id.* at 26-27, 237-241).

As noted above in the block quote, plaintiff's wife asserted that he was limited in his ability to walk, which again, was not observed by the face-to-face interviewer, and plaintiff declared that he was able to mow his lawn, walk his dog, take out the trash, and shop for one to two hours per day. (*Id.* at 143, 153, 239-240, 480). Plaintiff maintains that the ALJ erred because the initial interviewer was not in a position to determine if he had trouble walking, nor is being able to shop up to two hours per day reflective of the ability to walk, because plaintiff may spend the majority of that time resting.  But plaintiff notes that he went grocery shopping with his wife weekly, for one to two hours each time, which contradicts his wife's statement that he was limited in his ability to walk. He also

stated that he could go out alone.  (*Id.* at 240). Finally, plaintiff contends that his household chore

was using a riding lawnmower, and thus mowing the lawn was not indicative of his ability to walk.

Mowing the lawn, however, is just one of the activities that the ALJ found to discredit the statements

of plaintiff and his wife concerning the intensity, persistence and limiting effects of his impairments.

(*Id.* at 27). Moreover, the Court finds that plaintiff's argument ignores his disability applications

where he, and the lay witnesses, did not indicate that he had trouble walking or standing.  (*Id.* at 164,

189, 232, 242). "One strong indication of the credibility of an individual's statements is their

consistency both internally and with other information in the case record." SSR 96-7p, 1996 WL

374186, at *5.  The record thus reveals that the ALJ considered plaintiff's allegations of pain and

other symptoms, (*id.* at 27), under the factors of 20 C.F.R. § 404.1529(c)(ii)).

And while the ALJ found that plaintiff's medically-determinable impairments could

reasonably be expected to cause the alleged symptoms, his statements concerning the intensity,

persistence and limiting effects of his symptoms lack support in the record.  It is well-established

law that the factors that the ALJ considered are sufficient to discount a claimant's credibility. *See*

*Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988) (finding that the ALJ considered

inconsistencies between medical evidence, claimant's daily activities, and claimant's testimony).

Because substantial evidence supports the ALJ's credibility determination, the Court finds that it

is entitled to judicial deference. *See Villa*, 895 F.2d at 1024.

> **3.**     **Whether substantial evidence supports the ALJ's finding that plaintiff can perform his past relevant work.**

Plaintiff contends that substantial evidence does not support the ALJ's conclusion that he

17

can perform his past relevant work as a veterans' benefit counselor or a bookkeeper.  Plaintiff has

the burden of proving the inability to do past work. *Hollis*, 837 F.2d at 1386. Plaintiff's burden at

step four of the sequential analysis includes establishing the exertional requirements of his past

work. *Villa*, 895 F.2d at 1023.  Plaintiff can not demonstrate that he is not capable of performing

skilled and sedentary work.

Plaintiff contends that the ALJ asked an incomplete hypothetical question to the VE and that

he failed to analyze the requirements of plaintiff's past work.  However, as this Court found above,

substantial evidence supports the ALJ's RFC assessment. The VE described plaintiff's past work

as a veterans' benefits counselor and bookkeeper, based on plaintiff's own description of these

duties, and compared plaintiff's RFC with the physical and mental demands of those two jobs.

(Adm. Rec. at 28, 54-55). Plaintiff described the exertional functions, duties, and responsibilities

that he performed in these jobs in his disability application. (*Id.* at 193, 197).  Absent a challenge

to its veracity at the administrative level, it is appropriate for the ALJ to rely on a claimant's

description of past work in a disability report. *See Villa v. Sullivan*, 895 F.2d 1019, 1022-23 (5th Cir.

1990). Additionally, the ALJ questioned plaintiff about his past relevant work at the hearing, where

plaintiff described his job as a veterans' benefits counselor.  (Adm. Rec. at 36-37). Plaintiff testified

that he resigned from that job and that, while his supervisor had talked to him about falling asleep

at the job, she had never put anything in writing or given him a suspension. (*Id.* at 53-54). Thus, the

Court finds no merit to plaintiff's claim that the ALJ failed to make findings of fact about plaintiff's

past relevant work.

The Court also rejects plaintiff's claim that the ALJ relied on VE testimony based on an

incomplete hypothetical. The ALJ only needs to incorporate in the hypothetical questions the limitations that the ALJ finds supported by the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).  Based on the hypothetical question, that included all of the limitations outlined in plaintiff's RFC, the VE stated that plaintiff can perform his past relevant work as a bookkeeper and benefits counselor.  (*Id.* at 55-56).

It is well established that plaintiff has the burden of proving the inability to do past work. *Hollis*, 837 F.2d at 1386. Plaintiff has not identified any evidence in the record that would indicate that he can not perform either of the jobs identified by the ALJ.  In sum, substantial evidence supports the ALJ's step-four finding that plaintiff retained the RFC to perform several of his past relevant jobs. Plaintiff does not meet his burden of proof and demonstrate that he can not, in fact, perform any of these jobs. Thus, the Court finds that plaintiff's claim of error lacks merit.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the

district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d

1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 29th day of April, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**